# EXHIBIT A

Salt Lake County Sheriff's Office
Rosie Rivera, Sheriff
Court Services Division
385-468-9758

Served by Deputy SCoolack
On 6/11/2018 at 1502 hours
Served at WGU
Manner of Service Registered
Signed MCoolack

STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY
                                      BRANCH

FILED
05-25-2018
CIRCUIT COURT
DANE COUNTY, WI
2018CV001368
Honorable Valerie L.
Bailey-Rihn
Branch 3

TAMMY M. BOMKAMP,
4422 Memorial Circle
Windsor, WI 53598

    Plaintiff,

v.

WESTERN GOVERNORS UNIVERSITY,
4001 South 700 East, Suite 700
Salt Lake City, UT 84107

UNKNOWN LIABILITY INSURANCE
COMPANY,
Insuring Western Governors University,

    Defendants.

Case No.:
Case Codes: 30106, 30107

---

## SUMMONS

---

THE STATE OF WISCONSIN, to said Defendants:

You are hereby notified that the above-named Plaintiff has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of statues. The answer must be sent or delivered to the Court, whose address is Clerk of Circuit Court, Dane County Courthouse, 215 South Hamilton Street, Madison, Wisconsin 53703, and to Robert J. Kasieta, Plaintiff's attorney, Kasieta Legal Group, LLC, whose address is 559 D'Onofrio

Drive, Suite 222, Madison, Wisconsin 53719. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

If you need help in this matter because of a disability, call 608-266-4311 or TDD 608-266-4625 and ask for the Court ADA Coordinator.

Dated May 25, 2018.

                                      KASIETA LEGAL GROUP, LLC

                                      *Electronically signed by*
                                      *Robert J. Kasieta*

By: _____
     ROBERT J. KASIETA
     WI State Bar No. 1000107
     JENNIFER S. LIMBACH
     WI State Bar No. 1089184
     Attorneys for Plaintiffs

**Mailing Address:**
559 D'Onofrio Drive
Suite 222
Madison WI  53719
Phone:  608.662.9999
Fax:  608.662.9977

```
                                                              FILED
                                                              05-25-2018
                                                              CIRCUIT COURT
STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY            DANE COUNTY, WI
                      BRANCH __                               2018CV001368
                                                              Honorable Valerie L.
                                                              Bailey-Rihn
TAMMY M. BOMKAMP,                                             Branch 3
4422 Memorial Circle
Windsor, WI 53598

        Plaintiff,
                                       Case No.:
v.                                     Case Codes: 30106, 30107

WESTERN GOVERNORS UNIVERSITY,
4001 South 700 East, Suite 700
Salt Lake City, UT 84107

UNKNOWN LIABILITY INSURANCE
COMPANY,
Insuring Western Governors University,

        Defendants.
```

## COMPLAINT

Plaintiff Tammy Bomkamp, by her attorneys, Kasieta Legal Group, LLC, alleges and states as follows:

### INTRODUCTION

1. This is an action arising from Defendant Western Governors University falsely representing that it would employ Ms. Bomkamp, resulting in her resignation from a high-paying job in reliance on the misrepresentation and subsequent unemployment.

## THE PARTIES

2. Plaintiff Tammy Bomkamp is an adult resident of the State of Wisconsin residing in Dane County at 4422 Memorial Circle, Windsor, Wisconsin 53598.

3. Defendant Western Governors University ("WGU") is a non-profit corporation incorporated in the State of Utah, and operates as an internet-based university for students residing throughout the United States. Its registered agent for receipt of service of process is David R. Grow, 4001 South 700 East, Suite 700, Salt Lake City, Utah 84107. WGU does business in Wisconsin such that Wisconsin State Courts have personal jurisdiction over it.

4. On information and belief, at times material hereto, Defendant WGU includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on its/their behalf.

5. At all relevant times, Defendant WGU was acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of said office, employment, agency, or contractual authority.

6. At all relevant times, Defendant WGU was acting through its agents and employees and is liable for the actions of those agents and employees under the doctrine of respondeat superior.

2

7. On information and belief, an unidentified liability insurance carrier provides liability coverage for Western Governors University for claims including one or more of the causes of action set forth in this Complaint.

## FACTS

8. Until the events described in this Complaint, Ms. Bomkamp was employed as an Associate Professor at Herzing University, a non-profit university headquartered in Wisconsin. In that role, she earned approximately $85,000 annually.

9. On April 7, 2017, Ms. Bomkamp interviewed for a Student Mentor position at WGU with a WGU employee named Tina Walls.

10. On April 13, 2017, Ms. Bomkamp participated in a second interview for a Student Mentor position at WGU with a WGU employee named Juliet Kolde.

11. On April 18, 2017, WGU sent Ms. Bomkamp an unconditional written offer of employment with a start date of May 15, 2017.

12. On April 19, 2017, Ms. Bomkamp accepted the offer and returned the signed offer letter to WGU.

13. On May 1, 2017, Ms. Bomkamp informed WGU that a change in her family's circumstances required her to delay her start date indefinitely.

14. On May 1, 2017, WGU employee Juliet Kolde sent an email to Ms. Bomkamp indicating that WGU considered Ms. Bomkamp to be on "bench status."

15. On June 1, 2017, Ms. Bomkamp spoke with WGU employee Juliet Kolde and informed her that she would be available prior to the new academic term beginning in September 2017.

16. On June 1, 2017, WGU employee Juliet Kolde verbally and unconditionally offered Ms. Bomkamp the same Student Mentor position for which she had previously interviewed and accepted.

17. On June 1, 2017, Ms. Bomkamp verbally and unconditionally accepted the offer of employment at WGU. The terms of employment were sufficiently certain that Ms. Bomkamp could rely upon them.

18. On June 15, 2017, Ms. Bomkamp sent an email to Juliet Kolde expressing her excitement about joining WGU.

19. In approximately July 2017, Juliet Kolde left her employment with WGU without informing Ms. Bomkamp of her departure.

20. In July and August 2017, Ms. Bomkamp repeatedly attempted to contact Juliet Kolde to confirm her new start date for the fall semester. Ms. Bomkamp could not reach Ms. Kolde because, Ms. Bomkamp learned later, Ms. Kolde was no longer a WGU employee.

21. On August 18, 2017, Ms. Bomkamp sent an email to WGU employee Tina Walls inquiring about Juliet Kolde.

22. On August 18, 2017, WGU employee Tina Walls informed Ms. Bomkamp that Juliet Kolde was no longer with GWU and asked how she could assist Ms. Bomkamp.

23. On or about August 18, 2017, Ms. Bomkamp sent an email to Tina Walls asking for confirmation of the start date of the fall semester.

24. On August 21, 2017, Ms. Bomkamp again spoke with Tina Walls about her employment status with WGU.

25. On August 22, 2017, Tina Walls called Ms. Bomkamp and confirmed the WGU offer of the position of Student Mentor with WGU, with a specified start date of September 11, 2017.

26. In that phone conversation, Ms. Bomkamp unconditionally accepted the offer from WGU once again. The terms of the offer were certain.

27. In the August 22, 2017 phone conversation between Tina Walls and Ms. Bomkamp, Ms. Walls stated that she had approval from WGU to hire five individuals for Student Mentor positions, and that Ms. Bomkamp was one of those five.

28. In that same phone conversation between Tina Walls and Ms. Bomkamp, Ms. Walls encouraged Ms. Bomkamp to immediately submit her resignation to Herzing University because Ms. Bomkamp must start employment with WGU on September 11, 2017.

29. In the phone conversation between Tina Walls and Ms. Bomkamp on August 22, 2017, Ms. Bomkamp informed Ms. Walls that she would submit her registration notice to Herzing University the following day, to which Ms. Walls responded by exclaiming, "Great!"

30. During the phone conversation between Tina Walls and Ms. Bomkamp on August 22, 2017, Ms. Walls welcomed Ms. Bomkamp to WGU and advised

5

Ms. Bomkamp that WGU employee, Suzie Grim, would provide Ms. Bomkamp details of WGU orientation, which was to occur during the week of September 11, 2017.

31. On August 23, 2017, Ms. Bomkamp submitted her resignation to Herzing University.

32. On August 23, 2017, Ms. Bomkamp again spoke with WGU employee Tina Walls, who again confirmed during the conversation that Ms. Bomkamp's hire had been approved.

33. On August 24, 2017, Ms. Bomkamp sent an email to Ms. Walls asking about orientation information she had been promised.

34. On August 28, 2017, Ms. Bomkamp had a phone conversation with Ms. Walls, in which Ms. Walls stated that the reason Ms. Bomkamp had not received the additional information and documentation regarding her hire was that the WGU employee responsible for providing that information was on vacation.

35. On August 29, 2017, Herzing University informed Ms. Bomkamp that her last day of employment would be September 1, 2017.

36. On August 29, 2017, Ms. Bomkamp sent an email to Ms. Walls informing her that her last day of employment with Herzing University would be September 1, 2017, again asking about orientation documents.

37. On the morning of August 30, 2017, during a phone conversation, Ms. Walls again confirmed Ms. Bomkamp's employment with GWU and restated that

Ms. Bomkamp would shortly receive travel information and other paperwork from WGU employee Suzie Grim regarding the upcoming orientation.

38. On the evening of August 30, 2017, WGU employee Tyler Merrill called Ms. Bomkamp and stated that Tina Walls did not have authority to hire Ms. Bomkamp, and Ms. Bomkamp would not be employed by WGU.

39. On August 31, 2017, in a phone conversation between Ms. Bomkamp and Ms. Walls, Ms. Walls expressed surprise that Ms. Bomkamp had been told she would not be employed by WGU. Ms. Walls reaffirmed that she was authorized to hire Ms. Bomkamp and she reaffirmed that Ms. Bomkamp had been hired by WGU.

40. On September 6, 2017, Michael Dent, WGU's Director of Talent Acquisition, sent an email to Ms. Bomkamp claiming that Tina Walls had only contacted Ms. Bomkamp in the preceding weeks to put her back through the interview process for employment with WGU.

41. In Mr. Dent's September 6, 2017, email to Ms. Bomkamp, Mr. Dent stated that Ms. Walls did not have authority to offer employment.

42. In that email, Mr. Dent asserted that WGU would not employ Ms. Bomkamp.

43. Ms. Bomkamp's former employer, Herzing University, hired a replacement for her shortly after she submitted her resignation, and did not have a position to offer Ms. Bomkamp when Ms. Bomkamp tried to promptly regain her employment with Herzing University.

44. Ms. Bomkamp became unemployed because of her reliance on WGU's representations regarding employment with WGU. Ms. Bomkamp suffered the loss of her $85,000 annual salary as an employee of Herzing University, inconvenience, embarrassment, other consequential financial damages, and other general damages to be proven at trial, all because of Defendant WGU's conduct described above.

## FIRST CAUSE OF ACTION

### Intentional Misrepresentation

45. Plaintiff realleges by reference all other paragraphs of this Complaint as if fully set forth here.

46. Defendant WGU repeatedly represented to Ms. Bomkamp that it was offering her employment at WGU.

47. Ms. Bomkamp accepted WGU's offer of employment and reasonably relied upon WGU's offer of employment.

48. Defendant WGU's representation of the fact of employment was ultimately untrue.

49. Juliet Kolde and Tina Walls had authority, whether direct, actual, implied, or apparent, to offer employment on behalf of WGU to Ms. Bomkamp.

50. WGU, through its authorized agents, knew that its representations offering employment were untrue or WGU spoke through its agents with reckless disregard of its truth or falsity.

51. Defendant WGU made the representations through its authorized agents with the intent to deceive Ms. Bomkamp into resigning from her prior employment and making herself available for employment with WGU. Defendant made the representations to induce Ms. Bomkamp to act on them to her detriment.

52. Ms. Bomkamp believed the subject WGU representations to be true and reasonably relied upon them by resigning from her employment with Herzing University.

53. Ms. Bomkamp became unemployed because of her reliance on WGU's representations regarding employment with WGU. Ms. Bomkamp suffered the loss of her $85,000 annual salary as an employee of Herzing University, inconvenience, embarrassment, other consequential financial damages, and other general damages to be proven at trial, all because of Defendant WGU's conduct described above.

## SECOND CAUSE OF ACTION

### Strict Responsibility Misrepresentation

54. Plaintiff realleges by reference all other paragraphs of this Complaint as if fully set forth here.

55. This cause of action is pled in the alternative to all others in this Complaint.

56. Defendant WGU represented to Ms. Bomkamp that it was offering her employment at WGU.

57. Defendant WGU's representation was untrue.

58. Because WGU employees Juliet Kolde and Tina Walls were acting as agents of Defendant WGU in hiring, Defendant WGU made the representations based on its knowledge and when it necessarily ought to have known the truth or falsity of the representations.

59. Defendant WGU had an economic interest in the potential employment transaction between WGU and Ms. Bomkamp because WGU expected to benefit by Ms. Bomkamp's availability for employment.

60. Ms. Bomkamp believed the representations to be true and relied upon them, resigning from her employment with Herzing University in reasonable reliance on the misrepresentations.

61. Ms. Bomkamp became unemployed because of her reliance on WGU's representations regarding employment with WGU. Ms. Bomkamp suffered the loss of her $85,000 annual salary as an employee of Herzing University, inconvenience, embarrassment, other consequential financial damages, and other general damages to be proven at trial, all because of Defendant WGU's conduct described above.

### THIRD CAUSE OF ACTION

#### Negligent Misrepresentation

62. Plaintiff realleges by reference all other paragraphs of this Complaint as if fully set forth here.

63. This cause of action is pled in the alternative to all others in this Complaint.

64. Defendant WGU represented to Ms. Bomkamp several times that it was offering her employment at WGU.

65. Defendant WGU's representations were untrue.

66. Because WGU employees Juliet Kolde and Tina Walls were acting as agents of Defendant WGU in hiring capacities as described in ¶¶ 9-10, 14, 16, 21-22, 26-29, 31, 33, and 36, in making the representation, Defendant WGU failed to exercise reasonable care in ascertaining the facts and in expressing itself.

67. As described in ¶¶ 17-18, 20-21, 23-24, 28, 30, 31-33, and 35, Ms. Bomkamp believed the representation to be true and relied upon it by resigning from her employment with Herzing University.

68. Ms. Bomkamp became unemployed because of her reliance on WGU's representations regarding employment with WGU. Ms. Bomkamp suffered the loss of her $85,000 annual salary as an employee of Herzing University, inconvenience, embarrassment, other consequential financial damages, and other general damages to be proven at trial, all because of Defendant WGU's conduct described above.

## FOURTH CAUSE OF ACTION

### Negligence

69. Plaintiff realleges by reference all other paragraphs of this Complaint as if fully set forth here.

70. This cause of action is pled in the alternative to all others in this Complaint.

71. At all material times, WGU owed Ms. Bomkamp a duty of care in all its dealings with her.

72. In its actions and omissions set out in this Complaint, offering Ms. Bomkamp employment and then refusing to honor the offer, WGU was negligent, breaching the duty of care it owed Ms. Bomkamp in these matters.

73. Ms. Bomkamp became unemployed because of her reliance on WGU's representations regarding employment with WGU. Ms. Bomkamp suffered the loss of her $85,000 annual salary as an employee of Herzing University, inconvenience, embarrassment, other consequential financial damages, and other general damages to be proven at trial, all because of Defendant WGU's conduct described above.

## PUNITIVE DAMAGES

74. Plaintiff realleges by reference all other paragraphs of this Complaint as if fully set forth here.

75. The conduct of Defendant WGU detailed in this Complaint justifies imposition of punitive damages, which Ms. Bomkamp seeks because Defendant WGU acted maliciously or in intentional disregard of the rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tammy Bomkamp demands judgment against the Defendants, Western Governor University and Unknown Liability Insurance Company, as follows:

    a. For compensatory damages in the amount to be determined by the jury;

b. For punitive damages in an appropriate amount to be determined by the jury;

c. For costs and disbursements as provided by law;

d. For such other and further relief as this Court deems just.

## JURY DEMAND

Plaintiff demands trial by twelve-person jury on all claims properly triable to a jury.

Dated May 25, 2018.

KASIETA LEGAL GROUP, LLC

*Electronically signed by*
*Robert J. Kasieta*

By: _____
ROBERT J. KASIETA
WI State Bar No. 1000107
JENNIFER S. LIMBACH
WI State Bar No. 1089184
Attorneys for Tammy Bomkamp

**Mailing Address:**
559 D'Onofrio Drive
Suite 222
Madison WI  53719-2842
Phone: 608.662.9999
Fax:  608.662.9977
rjkasieta@kasieta.com
jl@kasieata.com
www.kasieta.com

13

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY | FILED |
|---|---|---|---|
| Tammy M. Bomkamp vs. Western Governors University et al | Electronic Filing Notice | | 05-29-2018 CIRCUIT COURT DANE COUNTY, WI 2018CV001368 Honorable Valerie L. Bailey-Rihn Branch 3 |
| | Case No. 2018CV001368 Class Code: Intentional Tort | | |

WESTERN GOVERNORS UNIVERSITY
SUITE 700
4001 SOUTH 700 EAST
SALT LAKE CITY UT 84107

Case number 2018CV001368 was electronically filed with/converted by the Dane County Clerk of Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $ 20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 80f598**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

BY THE COURT:

Electronically signed by
Carlo Esqueda, Clerk of Circuit Court
Clerk of Circuit Court

05-29-2018
Date

GF-180(CCAP), 06/2017 Electronic Filing Notice    §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY | FILED |
|---|---|---|---|
| Tammy M. Bomkamp vs. Western Governors University et al | Electronic Filing Notice | | 05-29-2018 CIRCUIT COURT DANE COUNTY, WI 2018CV001368 Honorable Valerie L. Bailey-Rihn Branch 3 |
| | Case No. 2018CV001368 Class Code: Intentional Tort | | |

UNKNOWN LIABILITY INSURANCE COMPANY

Case number 2018CV001368 was electronically filed with/converted by the Dane County Clerk of Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $ 20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 80f598**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

BY THE COURT:

Electronically signed by
Carlo Esqueda, Clerk of Circuit Court
Clerk of Circuit Court

05-29-2018
Date